UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER EUGENE HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1811 CEJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Alexander Eugene Hill (registration no. 30862-044), an inmate at Elkton FCI, for leave to commence this action without payment of the required filing fee [Doc. #4]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $16.67. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $83.34, and an average monthly balance of $34.82. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $16.67, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**Discussion**

Plaintiff has filed a document titled "Official, Actual, Constructive and Express Notice of Unclean Hands and Fraud to Any and All Agents, Officers Employees and Attorneys of Local, State or Federal Governments." In this document, plaintiff contends that his current incarceration is unlawful because he was denied due process in his criminal proceedings.[1] Plaintiff claims that the criminal proceedings constituted an "inland piracy attack" and that he is currently being deprived of his constitutional rights. Plaintiff believes that by filing this document with the Court he is forming a contract with officers of the Court and other governmental agencies to pay him $1

---

[1] In United States v. Hill, 4:04CR156 SNL (E.D. Mo.), plaintiff pled guilty to conspiracy to distribute a controlled substance and was sentenced to a 120 month term of imprisonment.

million per day in gold for each instance of an alleged deprivation of a constitutional right.

This action is legally frivolous.  First, the Federal Rules of Civil Procedure only recognize specific documents as pleadings.  Fed. R. Civ. P. 7(a).  The above-titled document is not one of the documents enumerated in Rule 7(a).  As a result, it must be dismissed because it is not a "pleading" under the Federal Rules.

Second, even if the document were called a complaint, it fails to allege a set of facts, which if proved, would entitle plaintiff to relief.  Instead, the document consists solely of conclusory allegations.  As a result, it is subject to dismissal under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #4] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $16.67 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

Dated this 6th day of February, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE